Tagged opinion



**ORDERED in the Southern District of Florida on March 13, 2007.**

                                    **Robert A. Mark, Judge**
                                **United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| In re | Case No.    05-44584-BKC-RAM |
| | Chapter 7 |
| ROBERT N. GENTILINI, | |
|     Debtor. | |
| | |
| SIMON, SCHINDLER & SANDBERG, LLP, | |
|     Plaintiff, | |
| vs. | Adv. No.    06-1134-BKC-RAM-A |
| ROBERT N. GENTILINI, | |
|     Defendant. | |

### AMENDED MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]

---

[1] This Amended Opinion is issued to correct a typographical error in the last sentence of the opening paragraph. As corrected in this Amended Opinion, the last sentence of the first paragraph reads "For the reasons more fully explained below, the Court holds that such a debt is <u>not</u> excepted from discharge under §523(a)(5)."

1

The issue before the Court is whether a debt arising from a judgment ordering the debtor to pay fees owed to his former spouse's attorney may be excepted from discharge under §523(a)(5) of the Bankruptcy Code if the former spouse is no longer liable to her attorneys for payment of these fees. For the reasons more fully explained below, the Court holds that such a debt is not excepted from discharge under §523(a)(5).

## Factual & Procedural Background

The following facts are undisputed. On July 19, 1995, Regina Gentilini (the "Former Spouse") signed an agreement (the "Retainer Agreement") under which she retained Simon, Schindler & Sandberg, LLP (the "Law Firm") to represent her in divorce proceedings against her husband, Robert Gentilini (the "Debtor"). The Retainer Agreement provided that the Former Spouse would pay the Law Firm for legal services and costs incurred in connection with the divorce representation. A Final Judgment of Dissolution of Marriage was entered September 26, 1996. Subsequently, on the motion of the Former Spouse, the state court entered its October 31, 1996 Order on Former Wife's Motion for Attorneys' Fees, Expert Witness Fees and Court Costs (the "Order Awarding Fees") ordering the Debtor to pay $43,000 in attorneys' fees to the Law Firm. On that same day, to implement its Order Awarding Fees, the state court entered a Final Judgment for Attorneys' Fees in favor of the Law Firm and against the Debtor in the amount of $43,000 (the "Fee Judgment").

In addition to obtaining a Final Judgment against the Debtor, the Law Firm, with the Former Spouse's consent, obtained a charging lien in the amount of $40,284.38 against the Former Spouse's interest in any assets or proceeds obtained in the dissolution proceeding. This relief was set forth in an October 31, 1996 Order Establishing Attorney's Charging Lien and Entry of Final Judgment (the "Charging Lien Judgment"). The Charging Lien Judgment

was <u>not</u> an in personam judgment against the Former Spouse, and therefore does not render the Former Spouse personally liable for legal fees owed to the Law Firm. Her personal obligation to pay fees arose solely under the Retainer Agreement.

On October 14, 2005, nearly a decade later, the Debtor petitioned this Court for Chapter 7 relief. Case No. 05-44584-BKC-RAM. The Law Firm subsequently filed its single count complaint in this adversary proceeding, seeking a judgment under § 523(a)(5) to except the Fee Judgment from discharge. The Debtor answered, alleging that the Fee Judgment was neither in the nature of support nor a "debt to" a former spouse.

Following a hearing on August 24, 2006, the Court concluded that this proceeding was ripe for resolution by summary judgment. Its September 11, 2006 Order (CP# 38) set a hearing and briefing schedule on cross motions for summary judgment. Of the two issues framed in that Order, the only one still subject of dispute is whether the Fee Judgment can be excepted from discharge under §523(a)(5) as a "debt to a former spouse" since the Former Spouse here has no remaining enforceable obligation to pay the Law Firm under the Retainer Agreement.

In response to the Court's scheduling Order, Debtor filed his Motion for Summary Judgment (CP# 37), Plaintiff filed its Motion for Summary Judgment and Response to Debtor's Motion (CP# 52, 53), Debtor filed his Response to Plaintiff's Motion (CP# 60) and finally, Plaintiff filed its Reply to Debtor's Response (CP# 63).

On November 13, 2006, the Court conducted a hearing on the cross-motions for summary judgment. The Court considered the parties' cross-motions for summary judgment, their respective responses and replies, and the parties' exhibits. At the hearing, the parties stipulated that the Fee Judgment was in the nature of support. The parties also stipulated that

at the commencement of the Debtor's bankruptcy case, the Law Firm could no longer enforce the Retainer Agreement against the Former Spouse because the statute of limitations had run. Therefore, while the Former Spouse was liable to the Law Firm for fees under the Retainer Agreement when the Fee Judgment was entered in 1996, she was no longer liable to the Law Firm in 2005, when the Debtor filed for bankruptcy.

## Discussion

Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986). To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. "The mere existence of a scintilla of evidence in support of the [opposing party's] position will not be sufficient to forestall summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Thus, once the moving party has established his burden of proof, the party opposing the motion for summary judgment must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed facts to defeat the motion. Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Under these standards, the Debtor/Defendant is entitled to summary judgment. The Fee Judgment is a debt in the nature of support. However, it is not a debt which can be treated as a "debt to a former spouse" under §523(a)(5). For a third party debt to be treated as a "debt to a former spouse," the former spouse must also be liable on the debt. When the Fee Judgment was entered, the Former Spouse was liable under the Retainer Agreement. This Court holds, however, that it is the bankruptcy petition date, not the Fee Judgment date,

which controls the decision. Since the Former Spouse had no remaining liability under the Retainer Agreement when the Debtor filed his petition, the Fee Judgment is dischargeable.

### A. Applying §523(a)(5) to Any Third Party Debt is a Judicial Expansion of the Statute's Plain Meaning

In matters of statutory construction, "[i]t is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Lamie v. United States Trustee, 540 U.S. 526, 534 (2004) (internal quotation marks omitted) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)). Section 523(a)(5) excepts from discharge "any debt to a spouse, former spouse, or child of the debtor."[2] The term "to" unambiguously limits the ambit of §523(a)(5) relief to a certain, identifiable class. The members of that class include anyone who is the debtor's spouse, former spouse or child and exclude all others. Taking together §§101(5) and 101(12), the term "debt" means "liability on a right to payment."[3] Thus, the plain language of §523(a)(5)

---

[2] Since the underlying bankruptcy case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 ("BAPCPA"), this proceeding is governed by §523(a)(5), as it existed pre-BAPCPA. Old §523(a)(5) provided:
    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
    . . .
    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that-
    (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

[3] Section 101(5) provides in pertinent part that
    claim means—
    (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.
Section 101(12) provides that "'debt' means liability on a claim."

5

excepts from discharge liability on a right to payment to the spouse, former spouse, or child of the debtor but does not except from discharge liability on a right to payment to third parties.[4]  Here, fidelity to the statutory language would compel the conclusion that the Fee Award is dischargeable since it is a liability on a right to payment to the Law Firm, not the Former Spouse.

### B.    Courts Have Appropriately Created an Exception to the Plain Meaning of the Statute Where Discharge of the Third Party Debt Would Impact the Former Spouse

Despite the clear statutory language and consistent direction from the Supreme Court to enforce such a statute according to its terms, many courts have enlarged the ambit of the §523(a)(5) exception from discharge to include debts to third parties.  See, e.g., Holliday v. Kline (In re Kline), 65 F.3d 749, 751 (8th Cir. 1995); Spong v. Pauley (In re Spong), 661 F.2d 6, 11 (2d Cir. 1981).

In Spong, the debtor promised as part of a settlement agreement to pay the former spouse's attorney for certain fees and costs incurred during their divorce.  The plain meaning of "debt to," the debtor argued, meant that in order for a debt to be dischargeable under §523(a)(5) the right of payment must be to the former spouse.  The court disagreed and held the debt nondischargeable.  Relying on Pepper v. Litton, 308 U.S. 295, 305-06 (1939), the court reasoned that whether a debt was a "debt to a former spouse" should be determined by substance rather than form.  The court found that in substance the debt arose from a "paradigmatic third party beneficiary contract."  Because third party beneficiary contracts are enforceable by both the third-party beneficiary and the promisee, in Spong the attorney and

---

[4] Moreover, both the House and Senate Reports state that the exception's "language . . . will apply to make nondischargeable only alimony, maintenance, or support *owed directly to* a spouse or dependent." H.R. Rep. No. 595, 95th Cong., 1st Sess. 364 (1977) (emphasis added); S. Rep. No. 989, 95th Cong., 2d Sess. 79 (1978) (emphasis added).  This statement evinces Congress's clear intent to limit the ambit of §523(a)(5) to certain identifiable persons, excepting from discharge only those debts that are owed directly to that class.

the former spouse, the court concluded it would be a triumph of form over substance to deny that a debt arising from such a contract was a debt to the former spouse. Thus, the court deemed a right of payment to a third party to be a right of payment to a former spouse where in light of the underlying third-party beneficiary contract the right of payment was nevertheless enforceable by the former spouse.

Subsequent cases have expanded application of the "substance over form" doctrine. In Kline, relying in part on Spong, the court held nondischargeable a debt to the attorney of the debtor's former spouse where, if that debt had been discharged, the former spouse would have been liable for the attorney's fees. Thus, a right of payment to a third party was again deemed to be in substance a right of payment to a former spouse where the effect of the discharge would be to make the former spouse liable to that third party. In effect, this application of the substance over form doctrine creates an exception to the plain meaning of the statute to ensure that former spouses who obtained a benefit when their now debtor ex-spouse was ordered to pay their attorneys fees will not lose that benefit by having to pay the fees themselves if the debtor's obligation is discharged.

This Court agrees with those cases which apply §523(a)(5) to third party debts if the debt was in the nature of support and the former spouse would be financially impacted by discharging the debt.

### C. This Court Questions Creating an Exception to the Plain Meaning of §523(a)(5) Where Discharge of Third Party Debts has no Impact on the Former Spouse

Several circuit court decisions have excepted third party debts from discharge under §523(a)(5) without regard to whether discharge of the obligation would have any impact on the former spouse or child. See e.g., Falk & Siemer, LLP v. Maddigan (In re Maddigan), 312

F.3d 589, 594 (2d Cir. 2002); Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1141 (9th Cir. 1998); Hudson v. Raggio & Raggio, Inc. (Matter of Hudson), 107 F.3d 355, 357 (5th Cir. 1997) (citing to and relying on Dvorak v. Carlson (Matter of Dvorak), 986 F.2d 940 (5th Cir. 1993)); Miller v. Gentry (In re Miller), 55 F.3d 1487, 1490 (10th Cir. 1995) (citing to and relying on Jones v. Jones (In re Jones), 9 F.3d 878 (10th Cir. 1993)).

This Court respectfully suggests that these decisions wrongly expand the scope of §523(a)(5) to broadly and inappropriately protect third parties. This expansive interpretation is unsupported by any canon of statutory construction and contrary to the policy underlying the §523(a)(5) exception. As will be shown, these decisions simply ignore or rewrite the "debt to former spouse or child of the debtor" requirement in the statute. For example, in Maddigan, the Second Circuit held that legal fees incurred by the mother of the debtor's child were excepted from discharge because the fees were incurred "for the benefit of Maddigan's child." Id. at 594. The court did not explain why the words "debt to child" in the statute should be read as "debt for the benefit of the child."

The Fifth and Tenth Circuit's analysis is also unconvincing since the decisions addressing the "debt to" element relied on earlier decisions in these circuits in which the issue was not even raised. In Hudson, the debtor argued that fees awarded to counsel for his child's mother should be discharged because the attorneys were not the spouse or child of the debtor. The court held that the attorneys fees fall within the exception because "the ultimate purpose of [a child support] proceeding is to provide support for the child." Hudson, 107 F.3d at 357. Hudson cites to an earlier Fifth Circuit decision, Dvorak, as "precedent which precludes" debtor's statutory argument even though Dvorak did not address this issue.

8

Dvorak was decided solely based on the nature of the proceeding in which the fees were incurred. Dvorak, 986 F.2d at 941.

The Tenth Circuit decision in Miller also relied on an earlier Tenth Circuit decision which never addressed the issue. In Miller the debtor sought to discharge fees she was ordered to pay directly to a guardian ad litem and a psychologist appointed in her divorce proceeding. The bankruptcy court ruled for the debtor finding that the debts were not owed to a spouse, former spouse or child as provided in the text of §523(a)(5). The district court reversed and the Tenth Circuit affirmed that reversal finding it was bound by the Circuit's earlier decision in Jones. The Miller court felt bound by Jones, even though it specifically noted that Jones did not address the issue of to whom the debt was payable. Miller, 55 F.3d at 1489.

The Ninth Circuit decision in Chang also contains somewhat puzzling statutory analysis. Like Miller, Chang involved guardian ad litem fees owed directly to the guardian ad litem. The Ninth Circuit BAP concluded that the debt was dischargeable because the fees were not owed to a "spouse, former spouse, or child of the debtor." The Ninth Circuit reversed holding that "the identity of the payee is less important than the nature of the debt." Chang, 163 F.3d at 1139 (emphasis added). The decision does not explain how a necessary element under a statutory exception to discharge can be deemed "less important" than another element and on that basis be ignored.

This Court's concern with the analysis in the cases just discussed is shared by at least one treatise. In analyzing many of these same cases, that treatise concluded that "[these cases] conflate the requirements that the debt be owed to the child and intended for support: If intended for support, the court will always find it is 'owed' to the child, even if it is 'owed'

9

to someone else." 1-6 Collier Family Law and the Bankruptcy Code ¶6.05 (2006) (emphasis added).

 This Court concludes that both elements of the statute must be established to except a debt from discharge under §523(a)(5). The debt must be in the nature of support, but also must be a debt to the former spouse or child. This "debt to" element can be satisfied when the obligation is payable directly to a third party, typically a professional who provided services to benefit the wife or child, but only if the former spouse is also obligated for the fees. In that instance, the former spouse will be impacted if the debt is discharged and therefore it is reasonable to treat it in substance as a debt "owed to her" under the statute. However, if only the debtor is obligated and discharge will have no financial impact on the former wife, this Court finds no reasoned basis for expanding the "debt to" element in the statute in order to apply §523(a)(5) solely for the protection of third party professionals.

 Several courts have applied what this Court concludes is the correct analysis and excepted from discharge third party obligations to counsel for a former spouse only if the former spouse remained liable for payment of the fees. See e.g., In re Linn, 38 B.R. 762 (B.A.P. 9th Cir. 1984); In re St. Laurent, 144 B.R. 932 (Bankr. S.D.Fla. 1992). In St. Laurent, Judge Cristol initially held that the debtor's obligation to pay fees to his former spouse's attorney was excepted from discharge under §523(a)(5). On appeal, the district court remanded directing the bankruptcy court to determine whether the former spouse remained personally obligated to pay her attorneys.

 As described by the bankruptcy court in its opinion following remand, the district court held that "if the Debtor's former spouse was found not to be personally obligated to her attorneys than the debt would not come within the §523(a)(5) exception to discharge." Id. at

933 (emphasis added). On remand, absent evidence that the former spouse was not personally obligated, the court reaffirmed its initial ruling and excepted the fee award from discharge. In a lengthy footnote, however, the court elaborated on the district court's opinion agreeing that a "debt will be dischargeable under §523(a)(5) if the fees are paid directly to the attorney and the debtor's former spouse is not personally obligated." Id. at 933 n.2 (emphasis in original). Judge Cristol explained that "[i]n such a case, the former spouse does not benefit from the payment and the purpose of the [§523(a)(5)] exception is not implemented." Id.

In Linn, the court reversed a bankruptcy court judgment excepting from discharge a state court order requiring the debtor to pay fees to an attorney and a psychiatrist appointed in custody litigation. The bankruptcy appellate panel found that cases like Spong, creating an exception to the plain language in §523(a)(5) for third party debts, were based upon the concern "that the non-debtor spouse would have to pay her own attorneys fees if the debtor's liability for them was discharged. The substance of the excepted liability was therefore a debt due the former spouse." Linn, 38 B.R. at 763. Since only the debtor was liable for the fees, the Linn court found that the fees could not properly be characterized as a debt to the former spouse and the debt was discharged. Buttressing its statutory analysis by looking at policy issues, the court stated: "Excluding these debts from discharge will not further the bankruptcy goal of a fresh start unburdened by old debts, nor will it protect spouses, former spouses and children from being injured by a debtor's discharge." Id. (internal citation omitted).[5]

---

[5] The Court acknowledges that Linn was implicitly overruled by the Ninth Circuit's decision in Chang. Nevertheless, this Court believes Linn was correctly decided and Chang is wrong.

11

The Plaintiff Law Firm in this proceeding does not argue against the holdings and analysis in cases like Linn and, in particular, St. Laurent. Rather, Plaintiff argues that it wins under this standard since the Former Spouse was liable when the Fee Judgment was entered. Thus, the Court turns to the final issue - what point in time controls in determining the Former Spouse's liability?

### E.    Whether the Former Spouse is Obligated to the Third Party Should be Determined at the Time of the Bankruptcy Petition

The final issue is determining the time in which the Court should analyze the Former Spouse's fee obligation. If the applicable time is when the Fee Judgment was entered, Plaintiff wins since in October, 1996, the Former Spouse was also liable for the fees under the Retainer Agreement. Conversely, if the applicable time is when the Debtor's bankruptcy was filed, the Debtor wins since in 2005, the running of the applicable statute of limitations had extinguished any liability of the Former Spouse under the Retainer Agreement.

The Court concludes that the petition date is the proper focal point for analyzing the Former Spouse's obligation. As discussed earlier, third parties should reap the benefit of §523(a)(5) only if the Former Spouse would be adversely impacted by discharge of the debt. With that as a guiding principle, the petition date should be the applicable date. A debtor's fresh start should not be burdened by an old attorneys fee judgment if discharging that judgment will have absolutely no impact on the Former Spouse, the party §523(a)(5) is intended to protect.

The Eleventh Circuit instructs us to determine whether a debt is in the nature of support by looking at the debt at the time at which the debt was created, In re Harrell, 754

12

F.2d 902, 906 (11th Cir. 1985). However, the holding in Harrell does not and should not apply here in analyzing whether the "debt to" element of §523(a)(5) is satisfied.

In Harrell, the issue was whether the dischargeability of alimony payments should be determined by a present-need analysis. The "debt to" requirement was not at issue because the debt was owed by the debtor to his former spouse. The court rejected the present-need analysis, finding no support for it in the statute. Instead, it reasoned that the statutory language embodying the support requirement—i.e., "actually in the nature of alimony, maintenance, or support"—required only a simple inquiry into whether the debt was in the nature of support rather than an ongoing assessment of need as circumstances change. Harrell, 754 F.2d at 906. Any greater inquiry would contravene long established doctrine regarding the limited role of the federal courts in family law matters. See id., 754 F.2d at 907 n.7 (citing Simms v. Simms, 175 U.S. 58 (1899) (stating that the subject of domestic relations belongs to state, not federal, law); Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992) (bankruptcy court should avoid incursions into family law matters). As discussed above, the court reasoned that a simple inquiry rather than an ongoing assessment of need was necessary to prevent federal courts from becoming embroiled in "domestic relations matters which should properly be reserved to the state courts." Id. at 907. An inquiry such as the present-need analysis would improperly impinge on the province of state courts and unnecessarily duplicate their function. See id.

The reasoning and holding in Harrell is inapplicable to the case at bar. It is the "debt to" requirement, not the support requirement, and its statutory basis—i.e., a "debt to a spouse, former spouse, or child of the debtor"—that is at issue. Unlike the "nature of support" element, the concern that federal courts may become embroiled in domestic

13

relations matters is not present in looking at the "debt to" element. The analysis of the "debt to" requirement and the "substance over form" exception as described above does not involve an investigation of any party's financial circumstances, the appropriate level of need or support for a party, the relative merits of one party's need vis-à-vis another party's need, or whether any circumstances have changed with the passage of time.

Rather, in analyzing the "debt to" requirement, the Court is required to do no more than determine whether the party protected by the exception, here the Former Spouse, would be financially impacted by discharge of the third party debt at the time of the petition. This inquiry only requires the Court to recognize the effect of the statute of limitations on the enforceability of the Retainer Agreement and the undisputed consequence that the agreement is no longer enforceable against the Former Spouse. Unlike the present-need analysis rejected by Harrell, this inquiry does not consider need, relative merit, changed circumstances, or any other family law matter and therefore does not improperly impinge upon state courts nor duplicate their function. Rather, the Court has considered only questions of federal law: the construction of §523(a)(5) and its application in light of established state law rights.

To the extent policy issues are implicated, this Court's conclusion to look at the Former Spouse's liability at the petition date is consistent with the clear policy underlying §523(a)(5): The protection of spouses, former spouses and children. That policy has no application where, as here, discharge of the Fee Judgment will have no affect on the Former Spouse.[6]

---

[6] The Court recognizes that its holding here appears to be in tension with a recent decision in this district. Manz v. Palomino (In re Palomino), 355 B.R. 349 (Bankr. S.D.Fla. 2006). The court in that case found that the time to determine nondischargeability under §523(a)(5) is the date the debt is incurred. Palomino, 355 B.R. at 357. Although there were some allegations that the former spouse was no longer liable for the attorney's fees giving rise to

**Conclusion**

Section 523(a)(5) of the Bankruptcy Code can and should be applied to debts in the nature of support payable to third parties if, and only if, at the time of the debtor's bankruptcy, the former spouse is also obligated to the third party. In that instance, discharge of the debt would leave the former spouse liable and the exception would properly be applied to protect her. By contrast, where, as in this proceeding, any obligation by the Former Spouse has been extinguished, neither sound statutory construction nor the policy underlying the statute support application of the exception since excepting the debt from discharge would benefit only the third party professional.

Therefore, it is -

**ORDERED** that the Debtor's Motion for Summary Judgment is **GRANTED**. A separate final judgment will be entered in favor of the Defendant discharging the Fee Judgment.

# # #

Copies Furnished To:

Jose Manuel Sanchez, Esq.
SIMON, SCHINDLER & SANDBERG, LLP
2650 Biscayne Blvd.
Miami, Florida 33l37
(Counsel for Defendant)

Drew S. Sheridan, Esq.
7765 S.W. 87th Avenue, Suite 102
Miami, Florida 33l73
(Counsel for Plaintiff)

---

the debt, the court found that the former spouse's liability for the attorney's fees was a disputed factual issue and therefore arguably did not reach this issue. Nevertheless, to the extent Palomino requires both elements to be determined at the time the debt is incurred, thereby implicitly extending Harrell, this Court respectfully disagrees.